S. F. BOWSER & CO. v. COLEMAN.

(Supreme Court, Appellate Term. April 22, 1912.)

1. EVIDENCE (§ 465*)—PAROL TO VARY TERMS OF CONTRACT.

Where, in an action for goods sold and delivered, the written memorandum of sale in plaintiff's bill of particulars stated that the defendant would give in payment notes signed by himself and two brothers, evidence of the defendant that he had told the person from whom the goods were ordered that he was representing the company of which he was president, and that he would give the company's notes therefor, was inadmissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2144; Dec. Dig. § 465.*]

2. SALES (§ 340*)—ACTIONS BY SELLER—RIGHT TO DISREGARD NOTES GIVEN.

Where, in the memorandum of the sale of a gasoline tank, the purchaser agreed to give in payment notes signed by himself and two brothers, but instead gave notes signed by himself as president of a company, the seller could properly disregard the notes, and sue the buyer individually for goods sold and delivered.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 927–942; Dec. Dig. § 340.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by S. F. Bowser & Co. against John S. Coleman. From a judgment dismissing the complaint on the merits, plaintiff appeals. Reversed, and new trial ordered.

Argued December term, 1911, before SEABURY, LEHMAN, and PAGE, JJ.

Lesser Bros., of New York City, for appellant.

May & Jacobson, of New York City (David May, of counsel), for respondent.

PAGE, J. [1] The action was for goods sold and delivered. Defendant's answer was a general denial. The answer was amended at

the trial by alleging that the plaintiff and the Coleman Stable Company had the transaction referred to in the complaint, and that the Coleman Stable Company paid the amount of such claim by delivering to the plaintiff four promissory notes, and that plaintiff accepted and retained the same. On defendant's demand for a bill of particulars as to "whether or not such goods, wares, and merchandise were sold on a written agreement, and, if upon a written agreement, that a copy thereof be annexed to the said bill of particulars," plaintiff served a bill of particulars, in which this memorandum was set forth in substance, and was received in evidence.

"S. F. Bowser & Co., Inc., Fort Wayne, Ind. Name of Purchaser, John S. Coleman, 122 W. 56th St. Record No. 157. Please enter our order for the following: 1 portable wheel tank for gasoline with autographic register, $280.00. Remarks: Will give 4 notes in payment (signed by himself and two brothers) of $70 each, 30, 60, 90, and 120 days from date of delivery of wheel tank. Terms—f. o. b. garage. Date to be shipped—Rush. [Signed] John S. Coleman. G. W. Scott."

The delivery of the tank at the premises, 120–122 West Fifty-Sixth street, in this city, was conceded. The court brought out on examination of the defendant that he had told Mr. Scott, at the time that the tank was ordered, that he was representing the company, and that he would give the company's notes therefor, and on the strength of this evidence, which was contradicted by the written agreement made at the time of the sale, the court held that:

"The goods in question were intended for and were sold to the company which gave the notes, and not the defendant individually."

There would seem to be but little use of having written contracts, if parol evidence that absolutely contradicts the writing is to be received and given controlling effect.

[2] The agreement called for the giving of four notes signed by the defendant and two brothers. These notes were prepared, reading, "I promise to pay," and were taken to the defendant, who signed them, "Coleman Stable Co., John S. Coleman, President," delivered them to plaintiff's representative and left the room before the method of signature was discovered. The action is not upon these notes, but upon the original debt for goods sold and delivered. Were the action on the notes, I think it very doubtful whether a recovery could be had thereon against the Coleman Stable Company. It would be open to the company to show that the debt was the individual debt of the president of the company, and that the plaintiff herein knew that he was giving them, not in due course of the business of the company, but for his own purposes. Under such circumstances the courts would hold that the notes were the individual notes of the defendant. That being the case, the plaintiff could rightfully disregard the notes and sue on the original debt for goods sold and delivered.

The judgment, therefore, should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.